**UNPUBLISHED ORDER**
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted July 21, 2006
Decided August 1, 2006

**Before**

Hon. Joel M. Flaum, *Chief Judge*

Hon. Daniel A. Manion, *Circuit Judge*

Hon. Terence T. Evans, *Circuit Judge*

No. 03-3113

| | |
|---|---|
| United States of America, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division |
| *v.* | No. 99 CR 559 |
| Ruben Arroyo, *Defendant-Appellant.* | Wayne R. Andersen, *Judge.* |

### O R D E R

Defendant-appellant Ruben Arroyo was convicted by jury of possession with intent to distribute heroin and conspiracy to possess with intent to distribute heroin in violation of 21 U.S.C. §§ 841 and 846. At Arroyo's sentencing hearing, the government presented evidence that Arroyo had also distributed large quantities of cocaine. The district court considered both the heroin and cocaine transactions in applying the federal sentencing guidelines, and arrived at a sentence of 360 months' imprisonment and five years of supervised release. Arroyo appealed his conviction and sentence. In *United States v. Arroyo*, 406 F.3d 881 (7th Cir. 2005), we affirmed Arroyo's conviction, but ordered a limited remand pursuant to the procedures set forth in *United States v. Paladino*, 401 F.3d 471 (7th Cir. 2005), to permit the district court to determine if it would have imposed the same sentence had it known at the time of sentencing that the guidelines were advisory.

On remand, the district court determined that it likely would not impose the same sentence under an advisory guidelines regime. Instead, the district court "probably would impose a sentence that is modestly under the guideline range." The district court properly noted that, pursuant to 18 U.S.C. § 3553(a), a sentence should be "'sufficient but not greater than necessary,' taking into account the circumstances of the offense, the history and characteristics of the defendant, and the need for the sentence imposed to reflect the seriousness of the offense, to afford adequate deterrence to criminal conduct and to protect the public from further crimes by the defendant." The district court determined that, given the defendant's age of 42 years old and his criminal history, there is a "greatly reduced" chance that defendant would engage in further criminal activity upon release from prison. The district court also concluded that a modestly reduced sentence would adequately reflect the seriousness of the crime and provide deterrence to criminal activity.

In response to the district court's order on remand, the government filed a position statement indicating that it does not object to a full remand for a new sentencing proceeding. Accordingly, we VACATE Arroyo's original sentence and REMAND this matter to the district court for resentencing.